# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

| | |
|---|---|
| DANIEL VASCO,<br><br>               Plaintiff,<br>    v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, ABC CORPORATIONS I-X, inclusive; BLACK & WHITE, COMPANIES I-X, inclusive; and JOHN DOES I-X, inclusive,<br><br>               Defendants. | Case No. 3:18-cv-00076-MMD-VPC<br><br>ORDER |

## I.  INTRODUCTION

This case comes before this Court through Defendant Allstate Fire and Casualty Insurance's ("Allstate") Petition for Removal. (ECF No. 1.)  Plaintiff filed this action in the Second Judicial District in and for Washoe County after being involved in a motor vehicle collision in which he allegedly suffered injuries. (ECF No. 1-1.)  Plaintiff brings claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of the Nevada Trade Practices Act, NRS 686.010 *et seq.*, against Allstate. (*Id.* at 5-8.)  Allstate removed this action on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a).[1] (*See* ECF No. 1 at 2.)  On February 21, 2018, Plaintiff filed the instant Motion to

---

[1] In both its Petition for Removal and Statement Regarding Removal, Defendant fails to explicitly invoke diversity jurisdiction. (*See* ECF Nos. 1, 11.) However, the Court is able to infer that the basis for removal is diversity jurisdiction through statements regarding the parties' domiciles and the amount in controversy. (*See, e.g.*, ECF No. 1 at 2.)

Remand ("Motion"). (ECF No.9.) Allstate filed an opposition (ECF No. 10) and Plaintiff replied (ECF No. 12). For the reasons set out below, the Motion is granted.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th Cir 2007).

To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where it is not facially evident from the complaint that $75,000 was in controversy at the time of removal, a defendant seeking removal must prove, by a preponderance of the evidence, that the amount in controversy requirement is met. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Under a preponderance of the evidence standard, a removing defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.* (citations omitted). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v.*

///

*State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *Id.* at 1090-1091 (citation omitted).

**III.  DISCUSSION**

Here, the Complaint seeks "past and future general and special damages in a sum in excess of $15,000.00." (ECF No. 1-1 at 8.)  Plaintiff also seeks "punitive damages as may be allowed by law" as well as attorney's fees and costs of suit in an unspecified amount. (*Id.*)  In its Petition for Removal ("Petition"), Defendant states that "[t]he [Uninsured Motorist] policy limits are $100,000 and there is $50,000 in med pay pursuant to the policy" and that "upon information and belief, Plaintiff is seeking damages from Defendant in excess of $75,000.00, including punitive damages." (ECF No. 1 at 2.)  In addition, Allstate's Statement Regarding Removal states that "Plaintiff sent a demand letter dated September 2, 2015 seeking $100,000." (ECF No. 11 at 2.)

Plaintiff argues in the Motion that Allstate has failed to show that the amount in controversy requirement has been met. (ECF No. 9.)  The Court agrees.

In opposing the Motion, Defendant provided three exhibits: two letters that appear to be from Plaintiff's counsel regarding settlement and a copy of the original complaint. (ECF Nos. 10-1, 10-2, 10-3.)  The Court agrees with Plaintiff that because Defendant failed "to submit an affidavit or declaration in support of its allegation that the amount in controversy burden has met," Defendant has failed to meet the Ninth Circuit's standard of providing summary-judgment-type evidence. (ECF No. 12 at 4.)  The two letters are not authenticated—thus, under the summary judgment standard this Court is not permitted to consider them. *See Orr v. Bank of Am.*, *NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (finding that unauthenticated documents cannot be considered by a court when ruling on a motion for summary judgment).  Moreover, the Petition fails to demonstrate that Plaintiff is actually seeking the entirety of the Uninsured Motorist Policy limits ($100,000) and not the lesser amount for medical bills ($50,000).

Similarly, the Complaint failed to allege a particular amount in punitive damages. While this Court is permitted to consider punitive damages when determining amount in

controversy for purposes of diversity jurisdiction, *see Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), the only evidence offered of the amount in controversy that this Court is permitted to consider indicates that the amount at issue may be $25,000. (*See* ECF No. 9-2 (settlement counter-offer from Plaintiff seeking $25,000 to settle his claim with Defendant).) Defendant provides no explanation as to how punitive damages amount to more than $50,000 in order to take the amount in controversy above the $75,000 statutory requirement. (*See* ECF No. 10 at 10-11 (Defendant arguing that the Court may consider punitive damages for purposes of the amount in controversy).) Rather, Defendant cites to one case wherein the plaintiff had provided a specific monetary amount for punitive damages in its complaint, which in combination with the specific amount requested for general damages took the amount in controversy above the jurisdictional requirement. (*See id*. at 10 (citing *Equitable Life & Cas. Ins. Co. v. Lee*, 310 F.2d 262 (9th Cir. 1962)).) This is not the case here—the Complaint does not contain a specific amount in punitive damages.

The Motion is therefore granted.

### IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Plaintiffs' Motion to Remand (ECF No. 9) is granted.

It is further ordered that this action is remanded to state court.

DATED THIS 1st day of June 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE